# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**JAMES N. HOUGH, GENA G. HOUGH,**
**and WHITFIELD FARMS, LLC,**

    Plaintiffs,

v.                                                                    Case No. 8:16-cv-3066-T-30AEP

**AGSOUTH FARM CREDIT, ACA,**

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss or Transfer Venue to the District Court of South Carolina (Dkt. 7) and Plaintiffs' Response (Dkt. 12). Upon consideration of the motion, response, and being otherwise advised in the premises, the Court grants Defendant's motion to the extent that this case will be transferred to the District Court of South Carolina.

## DISCUSSION

Defendant's motion and memorandum of law (Dkts. 7, 8) reflect that all of the events that occurred in this action occurred in South Carolina. Defendant argues, in relevant part, that transfer is appropriate under 28 U.S.C. § 1404(a). The Court agrees. Notably, Plaintiffs' two-page response, which contains approximately four paragraphs, does not address the merits of Defendant's section 1404(a) argument. Thus, this issue requires little attention

from this Court because Plaintiffs essentially concede that venue in South Carolina is appropriate.  Moreover, a review of the complaint reflects that all of Plaintiffs' claims relate to the foreclosure action Defendant filed against Plaintiff Whitfield Farms in South Carolina.  In fact, Defendant points out that Plaintiffs' claims in this case are nearly identical to claims that Plaintiffs attempted to bring before the court in the South Carolina action.

In sum, 28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  A review of the complaint, coupled with Plaintiffs' failure to raise any relevant argument against transfer, reflect that this case should be transferred under section 1404(a).  Defendant has shown that the "balance of the conveniences is *strongly* in favor of the transfer."  *Sterling v. Provident Life and Accident Ins. Co.*, 519 F. Supp. 2d 1195, 1204-06 (M.D. Fla. 2007) (internal quotations and citations omitted) (emphasis added).

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss or Transfer Venue to the District Court of South Carolina (Dkt. 7) is granted to the extent discussed herein.
2. The Clerk of the Court shall transfer this case to the United States District Court of South Carolina for all further proceedings.

  3. After transfer, the Clerk shall close this case.

**DONE** and **ORDERED** in Tampa, Florida on December 9, 2016.

                 JAMES S. MOODY, JR.
                 UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

S:\Even\2016\16-cv-3066.grantmt-transfer-venue7.wpd