IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| James N. Hough, Gena G. Hough, Whitfield Farms, LLC, | Civil Action No. 8:16-cv-03878-DCC |
| Plaintiffs, | |
| vs. | **OPINION AND ORDER** |
| Ag South Farm Credit ACA, | |
| Defendant. | |

This matter is before the Court on Defendant's Motions to Exclude Untimely Disclosures of Plaintiff's Experts and to Dismiss. ECF Nos. 45, 46. Plaintiffs filed Responses in Opposition to both Motions, and Defendant has filed Replies. ECF Nos. 48, 50, 52, 53. Accordingly, the Motions are ripe for review.

## BACKGROUND

This action was originally filed in the United States District Court for the Middle District of Florida on October 31, 2016. ECF No. 1. On November 21, 2016, Defendant filed a Motion to Dismiss, or in the Alternative, to Transfer Venue to the District Court of South Carolina. ECF No. 7. Plaintiffs filed a Response in Opposition, and on December 9, 2016, this case was transferred to this District pursuant to an Order by the Honorable James S. Moody, Jr., United States District Judge for the Middle District of Florida. ECF Nos. 12, 13.

This matter is before this Court on the basis of diversity jurisdiction. ECF No. 1. The Complaint raises state law claims, including causes of action for forgery, bank fraud, fraudulent misrepresentation, mail and wire fraud, wrongful foreclosure, and intentional

infliction of emotional distress. *Id*. The facts of this case stem from the execution of a fixed rate note and the subsequent foreclosure action that was decided in the Court of Common Pleas in Edgefield County, South Carolina ("the State foreclosure action"). *See id.*; *see also AgSouth Farm Credit, ACA v. Whitfield Farms, LLC, Fifth Third Bank, NA, and Signature Bank, n/k/a Hancock Bank*, Case No. 2015-CP-19-361 (S.C. Ct. Com. Pleas 2015).

Plaintiffs contend that James and Gena Hough ("the Individual Plaintiffs") were managing partners and owners of Whitfield Farms, LLC, ("Whitfield Farms"). On June 6, 2003, the individual Plaintiffs took out a Fixed Rate Note ("the Note") with Defendant, a lending cooperative and/or credit union specializing in agricultural land. ECF No. 1 at 3. On March 20, 2010, the Note was satisfied. James Hough received notice on January 5, 2014, from Defendant requiring the Individual Plaintiffs to apply to refinance the remainder of their loan for $400,000 dated February 24, 2012, ("the 2012 Note") or face foreclosure. *Id*. Plaintiffs contend that they did not authorize and have never seen the 2012 Note and have never been to Bamberg, South Carolina where the 2012 Note was executed.

Defendant filed a complaint for foreclosure of the 2012 Note in the Court of Common Pleas in Edgefield County, South Carolina against only Whitfield Farms. Whitfield Farms filed an answer alleging multiple deficiencies in the 2012 Note. The answer and counterclaims were struck because Whitfield Farms, as a corporation, was prohibited from proceeding pro se in that action. On September 28, 2009, a supplemental order of judgment for foreclosure and sale was issued. Whitfield Farms did not appeal this order.

## APPLICABLE LAW

*Motion to Dismiss*

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). In a Rule 12(b)(6) motion, the court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the nonmoving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id*.

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570(2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**DISCUSSION**

Defendant argues that this action should be dismissed because the claims raised in this action were compulsory counterclaims in the prior state action. ECF No. 46-1 at 2. Defendant contends that Plaintiffs are barred from challenging the 2012 Note's validity under the doctrines of res judicata and collateral estoppel. *Id.* Defendant further argues that the Individual Plaintiffs lack standing to bring any individual claims. *Id.* Plaintiffs do not appear to contest that any claim by Whitfield Farms is barred. ECF No. 50. However, the Individual Plaintiffs assert that they have standing in the present action and that their interests were not represented in the prior state action. *Id*. at 4.

*Res Judicata*

"Res judicata, or claim preclusion, bars the relitigation of any claims that were or could have been raised in a prior proceeding between the same parties." *Sartin v. Macik*, 535 F.3d 284, 287 (4th Cir. 2008). "Where the prior proceeding that may make issue preclusion applicable is a state court proceeding, as here, the federal courts use the law of the state to determine if preclusion applies." *Ayers v. Cont'l Cas. Co.*, 2007 WL 1960613, *4 (N.D. W. Va. 2007) (citation omitted). Under South Carolina state law, the elements of res judicata are: 1) a final judgment on the merits in a prior suit; 2) an identity of the cause of action in both the earlier and the later suit; and 3) an identity of parties or their privies in the two suits. *Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000).

With respect to Whitfield Farms and Defendant, there is, indisputably, identity of the parties and a final judgment on the merits in the State foreclosure action. Regarding the second element, the subject matter element of res judicata is met if the claims in the

second suit "arise out of the same transaction or occurrence that was the subject of [the] prior action between those parties." *Judy v. Judy*, 712 S.E.2d 408, 414 (S.C. 2011). In particular, "counterclaims arising out of the same transaction or occurrence that is the subject of the [first] action are 'compulsory' under Rule 13(a) and are barred by res judicata or estoppel by judgment if not asserted." *Beach Co. v. Twillman*, Ltd., 566 S.E. 2d 863, 865 (S.C. Ct. App. 2002) (quoting Reporter's Note to S.C. R. Civ. P. 13(a)); see also S.C. R. Civ. P. 13(a) (defining a compulsory counterclaim as one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . .").

Thus, Whitfield Farms's claims here are barred if they were compulsory counterclaims in the State foreclosure suit. *Crestwood Golf Club, Inc. v. Potter*, 493 S.E.2d 826, 835 (S.C. 1997). South Carolina has adopted the "logical relationship test" to determine whether a counterclaim is compulsory. *N.C. Fed. Sav. and Loan Ass'n v. DAV Corp.*, 381 S.E.2d 903, 905 (S.C. 1989). A counterclaim is compulsory if there is a "logical relationship between the claim and the counterclaim." *Wells Fargo Bank, N.A. v. Smith*, 730 S.E.2d 328, 333 (S.C. Ct. App. 2012) (internal quotes omitted). In the foreclosure context, this determination is made by "asking whether the counterclaim would affect the lender's right to enforce the note and foreclose the mortgage." *Id*. at 496; *see also Reese v. U.S. Bank Nat'l Ass'n*, 3:11-cv-2990, 2012 WL 1952819 at *3 (D.S.C. Apr. 30, 2012), *adopted by* 2012 WL 1952295 (D.S.C. May 30, 2012) ("[A]ny challenge to the foreclosure judgment either should have been brought as compulsory counterclaims in that prior action or were previously litigated and, therefore, barred by the doctrines of res judicata and/or collateral estoppel.").

5

Here, all of Whitfield Farms's claims against Defendant go to the right of Defendant to foreclose on the mortgage. Accordingly, Whitfield Farms's claims were compulsory counterclaims in the foreclosure action. Thus, the Court holds that the claims against Defendant by Whitfield Farms are barred by res judicata.

With respect to the Individual Plaintiffs and Defendant, the claims in the present action arise out of the same transaction or occurrence that was the subject of the State foreclosure action. However, there is no identity of parties and the Individual Plaintiffs' claims were not able to be brought in the State foreclosure action. Defendant failed to make the Individual Plaintiffs parties to the State foreclosure action and the Individual Plaintiffs were unable to make their claims through Whitfield Farms. When they tried, their counterclaims were dismissed on Defendant's motion. ECF No. 46-4. Accordingly, it would be disingenuous to hold that the Individual Plaintiffs are now barred from bringing claims that they have never had the opportunity to litigate. The Court will now turn to a discussion of the claims brought in the Complaint and determine which claims can only be brought by Whitfield Farms and which claims may be raised by the Individual Plaintiffs.

With respect to Plaintiffs' claims for bank fraud and wrongful foreclosure, the Court finds that these claims are properly made by only Whitfield Farms. Concerning the wrongful foreclosure action, the property foreclosed upon was owned by Whitfield Farms and was the subject of the previous State foreclosure action.[1] With respect to Plaintiffs' claim for bank fraud, the Individual Plaintiffs allege no personal harm separate from the

---

[1]This court lacks authority to review the final determination of a state or local court. *El-Bey v. Wells Fargo Home Mortg.*, C/A No. 09-cv-1772-MJP, 2009 WL 2971361, at *1 (D.S.C. Sept. 15, 2009)

harm to Whitfield Farms. Whitfield Farms was the named borrower on the 2012 Note and any claim that foreclosure proceedings were initiated against Whitfield Farms as a result of bank fraud belonged only to Whitfield Farms. *See* S.C. Code Ann. § 33-44-201 ("Except as provided in Section 12-2-25 for single-member limited liability companies, a limited liability company is a legal entity distinct from its members."); S.C. Code Ann. § 33-44-303 (stating that an LLC's debts and liabilities do not generally belong to the individual members). Accordingly, these claims were compulsory counterclaims in the State foreclosure action and may not now be raised by the Individual Plaintiffs.

However, Plaintiffs' claim for forgery concerns the purportedly fraudulent use of the Individual Plaintiffs' signatures. Further, Plaintiffs' intentional infliction of emotional distress claim is only made with respect to James Hough. These claims appear to be personal as to the Individual Plaintiffs. Accordingly, it would follow that these claims would be properly brought by the Individual Plaintiffs and were not compulsory counterclaims in the State foreclosure action. Accordingly, Defendant's Motion to Dismiss is denied as to these causes of action.

With respect to Plaintiffs' claims for mail and wire fraud and fraudulent misrepresentations contained therein, it is unclear whether the Individual Plaintiffs allege personal causes of action separate from claims that could have been raised by Whitfield Farms as compulsory counterclaims. The Court notes that to the extent the alleged mail and wire fraud and fraudulent misrepresentations were addressed to Whitfield Farms concerning the 2012 Note and the foreclosure of the property at issue in the State foreclosure action, those claims are properly made by Whitfield Farms and, consequently, would be barred. However, the subject matter of the communications is not readily

apparent from the pleadings in this case. Accordingly, in light of the current procedural posture and the information available to the Court on a motion to dismiss, the Court declines to dismiss these causes of action at this time.

## **MOTION TO EXCLUDE EXPERT DESIGNATION**

Defendant has also filed a Motion to Exclude Untimely Disclosure of Plaintiffs' Experts. ECF No. 45. Defendant requests that this Court exclude the report issued by Plaintiffs' experts Janice Leach and William Smith, both of Janus Document Examination, and all testimony, opinions, and other evidence contained in, derived from, or based in any way upon the information contained in the report. Defendant contends that the report was not provided on or before April 28, 2017, which was the deadline imposed by the scheduling order in this case. Further, Defendant argues that the failure to timely provide the report was not substantially justified or harmless because the delay in receiving the report has interfered with Defendant's preparation for trial.

Plaintiffs argue that Defendant received their expert witness list and report when it was filed on CM/ECF on March 20, 2017, which was well before the April 28, 2017, deadline. ECF No. 48. Plaintiffs contend that this document was incorrectly filed and later deleted by the Court; however, it provides evidence that Defendant received notice of the expert witness and report. Plaintiffs further argue that Defendant was well aware of the identity of the experts and the substance of their opinions because paragraphs 18–21 of the Complaint name the expert witnesses and describe the substance of their expert findings. Moreover, Plaintiffs assert that the entire Janus report was served upon Defendant and its attorney before the Complaint was filed, and the report was filed in the State foreclosure action.

Rule 26 governs the conduct of discovery in civil actions, including the procedures for disclosing expert witnesses an their opinions. Specifically, Rule 26(a)(2) provides:

> (A) In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rules of Evidence 702, 703, 705.
>
> (B) Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written expert report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony . . .
>
> (D) A party must make these disclosures at the times and in the sequence that the court orders.

Rule 37(c)(1) is the enforcement mechanism for the procedures set forth in Rule 26(a). Rule 37(c)(1) provides, in part, that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."

"[T]he basic purpose of Rule 37(c)(1) [is] preventing surprise and prejudice to the opposing party." *Southern States Rack & Fixture, Inc., v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003). Thus, the district court has broad discretion to determine whether a non-disclosure of evidence is substantially justified or harmless. *Id*. at 597. "[I]n exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis, a district court should be guided by the following factors: (1) the surprise to the party against

9

whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Id*. (The first four factors "relate mainly to the harmlessness exception, while the remaining factor . . . relates primarily to the substantial justification exception.").

In this case, with respect to the first three factors, Defendant cannot claim that it is surprised by Plaintiffs' expert disclosure. While this information was not properly produced until June 7, 2017, Defendant has known about these experts and their report since before this lawsuit was filed. Moreover, because Defendant has been on notice of the report, it is unlikely that allowing the evidence would disrupt trial, and it appears from Plaintiffs' and Defendant's filings that this evidence, concerning a forensic examination of the handwriting on the 2012 Note, is important to the outcome of the case. Accordingly, the Court finds that Plaintiffs' error was harmless and does not reach whether it was substantially justified. Thus, Defendant's Motion is denied.

## CONCLUSION

Wherefore, based upon the foregoing, Defendant's Motion to Dismiss [46] is **GRANTED in part** and **DENIED in part** consistent with this Order. Plaintiff Whitfield Farms, LLC, is **DISMISSED** from this action. Defendant's Motion to Exclude Expert Designation [45] is **DENIED**.

IT IS SO ORDERED.

                                             s/Donald C. Coggins, Jr.
                                             United States District Judge

March 22, 2018
Spartanburg, South Carolina